**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL
ON SIGNATURE PAGE]

*Attorneys for Plaintiff,*
Stan Zakinov

KAZEROUNI LAW GROUP, APC<br>245 FISCHER AVENUE, SUITE D1<br>COSTA MESA, CA 92626

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STAN ZAKINOV; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CHURCH & DWIGHT CO., INC.,**<br><br>Defendant. | **Case No.:** _'15CV1992 DMS BLM_<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, ET SEQ.);**<br><br>2) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17533.7 (CALIFORNIA FALSE "MADE IN U.S.A." CLAIM).**<br><br>3) **VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ. (CALIFORNIA UNFAIR COMPETITION LAW); AND**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. STAN ZAKINOV (hereinafter "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of CHURCH & DWIGHT CO., INC., (hereinafter "C&D" and/or "Defendant") in unlawfully labeling Defendant's personal care products with the false designation and representation that they are "Made In USA" (or some derivative thereof). The unlawfully labeled products are sold online and in various stores throughout the United States.[1]  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal4th 310, 328-29:

> **Simply stated: labels matter**.  The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities that may come to associate with a particular source…In particular, **to some consumers**, the "Made in U.S.A." label matters.  A range of motivations may fuel this preference, from the desire to support domestic jobs to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (Cal. Bus. & Prof. Code section 17533.7; see also Cal. Civ. Code § 1770, subd. (a)(4) (prohibiting deceptive representations of geographic origin)). The object of section 17533.7 "is to protect consumers from being misled when they

---

[1]  Plaintiff purchased Defendant's mislabeled Trojan Magnum Ecstasy Ultrasmooth Lubricated condoms and Trojan Magnum Thin Ultrasmooth Lubricated condoms (the "Products"), which in part are the subject matter of this lawsuit, from Amazon.com.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

purchase products in the belief that they are advancing the interest of the United States and its industries and workers…"

3. The "Made In USA" claim is prominently printed on the Defendant's personal care products.[2] (True and correct pictures of Defendant's Products are attached hereto as "Exhibit A"). Contrary to Defendant's representation and in violation of California law, Defendants personal care products, including the specific Products purchased by Plaintiff, include foreign ingredients.

## JURISDICTION AND VENUE

4. This Court also has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00 as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of El Cajon, County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

---

[2] Plaintiff seeks class wide relief on behalf of all purchasers of any C&D products that are substantially similar to the Products purchased by Plaintiff and labeled as "Made In USA," or some derivative thereof, that are foreign-made or incorporates foreign-made components (in violation of California law), not just the specific Products purchased by Plaintiff.

(b)   does substantial business within this district;

(c)   is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d)   the harm to Plaintiff occurred within this district.

## PARTIES

6.  Plaintiff is an individual residing in the City of El Cajon, County of San Diego, State of California.

7.  Defendant is a corporation that is organized and exists under the laws of the State of Delaware, with a principal place of business in the State of New Jersey.

8.  Defendant is an American manufacturer of various personal care products, sold under multiple brands, that conducts business through Internet sales and at numerous stores within the United States. Two of the many personal care products sold by Defendant are the Trojan Magnum Ecstasy Ultrasmooth Lubricated condoms and Trojan Magnum Thin Ultrasmooth Lubricated condoms purchased by Plaintiff.[3]

## FACTUAL ALLEGATIONS

9.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. Defendant manufactures, markets and/or sells various personal care products, including the Products purchased by Plaintiff, that have been and are currently still represented as "Made In USA," or some derivative thereof. Defendant's makes these representations on the products themselves.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

---

[3] Plaintiff purchased the mislabeled Products, which in part are the subject matter of this lawsuit, from Amazon.com, but they are also available at numerous stores within the United States, including, but not limited to, Target, Walgreens, CVS Pharmacy, Rite Aid, and Ralphs.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

11. Contrary to the representation, Defendant's products are wholly and/or substantially manufactured or produced with components that are manufactured outside of the United States.

12. Based upon information and belief, the offending Products purchased by Plaintiff contain foreign ingredients.

13. Based upon information and belief, the offending Products purchased by Plaintiff, and presumably all of Defendant's products that are substantially similar and contain foreign ingredients, are wholly or partially made of and/or manufactured with foreign materials, contrary to Defendant's "Made In USA" representations (or some derivative thereof) ("Class Product/s").

14. Defendant marketed, and continues to market, and represent to the general public via its Class Products' label that certain products, including the Products purchased by Plaintiff, are "Made In USA" (or some derivative thereof). As such, Defendant fraudulently concealed the material facts at issue in this matter by misrepresenting to the general public the true country of origin of the offending products. Defendant possesses superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

15. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess limited knowledge of the likelihood that products, including the component products therein, claimed to be made in the United States are in fact manufactured in foreign countries. This is a material factor in many individuals' purchasing decisions, as they believe they are purchasing superior goods, produced under American standards and laws, while also supporting American companies and American jobs.

16. Consumers generally believe that "Made In USA" products are of higher quality than their foreign-manufactured counterparts and that they are produced under higher standards, including, but not limited to, higher

environmental and labor laws.  Due to Defendant's scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendant's products at inflated prices.

17. On information and belief, Defendant charged excess monies for its Class Products, including the Products purchased by Plaintiff, in comparison to Defendant's competitors during the entirety of the relevant four-year statutory time period, based on the false "Made In USA" designation (or some derivative thereof).  California laws are designed to protect consumers from such false representations and predatory conduct.  Defendant's scheme to defraud consumers for its own self-interest and monetary gain is ongoing and will victimize consumers daily for the foreseeable future unless altered by judicial intervention.

18. On or about June 30, 2015, Plaintiff purchased Defendant's Products from www.Amazon.com. At the time of Plaintiff's purchase, the description of the offending Products described the Products origin as the U.S.A., when the product was actually made and/or contained components made outside of the United States. As such, Defendant is not entitled to lawfully make representations that the product was "Made In USA."

19. In making the decision to purchase Defendant's Products, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Defendant and its agents and disseminated through its products' packaging containing the misrepresentations alleged herein. Had Plaintiff been made aware that the Products were not actually "Made In USA," `he would not have purchased the Products. In other words, Plaintiff would not have purchased Defendant's Products, but for the "Made In USA" representations on Defendant's Products' label.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

20. Plaintiff suffered an "injury in fact" because Defendant took Plaintiff's money as a result of Defendant's false "Made In USA" designation set forth on Defendant's products and elsewhere.

21. In each case when Plaintiff and putative Class members purchased a Class Product, they relied upon Defendant's "Made In USA" representation (or some derivative thereof) in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendant's actions. Plaintiff believed at the time he purchased the Products that he was purchasing a superior quality product, supporting U.S. jobs and the U.S. economy, and also supporting ethical working conditions.

22. Component parts made in the U.S.A. are subject to strict regulatory requirements, including but not limited to environmental, labor, and safety standards. Foreign made component parts are not subject to the same U.S. standards and as a result can be potentially much more dangerous to consumers. Further, foreign made component parts are also generally of lower quality than their U.S. made counterparts, and routinely less reliable and less durable than their U.S. made counterparts, which is especially important to condoms.

23. Consequently, Defendant's products containing the foreign ingredients, including Defendant's Products, are of inferior quality, potentially more dangerous and less reliable, as Defendant falsely represented that these products are "Made In USA." This results in lower overall customer satisfaction than if the product was truly "Made In USA" and/or consisting of component parts made in the United States.

24. On information and belief, Defendant's products containing the foreign ingredients, including the Products purchased by Plaintiff, are not worth the purchase price paid by Plaintiff and putative Class members. The precise

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

amount of damages will be proven at the time of trial, in large part, by expert testimony.

25. Plaintiff and Class members were undoubtedly injured as a result of Defendant's false "Made In USA" representations that are at issue in this matter.

## CLASS ACTION ALLEGATIONS

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

28. Plaintiff represents, and is a member of the California Class,  ("the Class") consisting of:

> All persons within California who purchased one or more of Defendant's personal care products, regardless of the brand under which Defendant marketed the product, that were advertised with a "Made In USA" country of origin designation (or some derivative thereof), that were foreign-made and/or composed of foreign-made component parts, within the four years prior to the filing of the Complaint.

29. The "Class Period" means four years prior to the filing of the Complaint in this action.

30. *Ascertainability.* Defendant and its employees and/or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the State of California. The members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding retail and online sales, as well as

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

31. ***Numerosity***. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for the aforementioned Class because the members of the Class are so numerous and geographically disbursed that joinder of all Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

32. ***Existence and Predominance of Common Questions of Law and Fact***. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members, satisfying the requirement of Fed. R. Civ. P., Rule 23(a)(2), including, but not limited to, the following:

    a. Whether Defendant committed the wrongful conduct alleged herein;

    b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

    d. Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

33. ***Typicality***. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

34. ***Adequacy of Representation***. As a person who purchased one or more of Defendant's products, that were advertised with a "Made In USA" country of origin designation (or some derivative thereof), but contain foreign-made ingredients and/or composed of foreign-made component parts, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

35. ***Superiority***. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability.  Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

36. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

persons as warranted as facts are learned in further investigation and discovery.

37. Plaintiff and members of the putative Class have suffered "injury in fact" and have lost money or property as a result of Defendants' unfair competition, as more fully set forth herein. Plaintiff and members of the putative Class have been injured as they relied on Defendants' intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for Defendant's Class Products. Plaintiff and members of the Class have been injured, as had they been made aware that the product was not actually "Made In USA," they would not have purchased the product. In other words, Plaintiff and members of the Class would not have purchased Defendant's product, but for the "Made In USA" representations (or some derivative thereof) on Defendant's products' labels.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.   Absent a representative class action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.   Because of the size of the individual Class member's claims, few, if any, Class members could not afford to seek legal redress for the wrongs complained of herein.   Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for

Defendant. Thus, the proposed Class satisfy the requirements of Fed. R. Civ. P., Rule 23(b)(1).

39. Defendant has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate. Thus, certification is proper under Fed. R. Civ. P. Rule 23(b)(2).

40. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions presented in this action. Thus, the predominance requirement of Fed. R. Civ. P. Rule 23(b)(3) is satisfied.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden of litigation would prevent class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability. Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE SECTION 1750, ET SEQ.

42. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

43. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."   The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

44. Defendant's products constitute "goods" as defined pursuant to Civil Code Section 1761(a).

45. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

46. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

47. Civil Code Section 1770(a)(2), (4), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> [m]isrepresenting the source, sponsorship, approval, or certification of goods or services,
> [u]sing deceptive representations or designations of geographic origin in connection with goods or services,
> [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have …,
> [r]epresenting that goods or services are of a particular standard, quality, or grade… if they are of another, [and] [a]dvertising goods or services with intent not to sell them as advertised."

48. Defendant violated Civil Code Section 1770(a)(2), (4), (5), (7) and (9) by marketing and representing that its products are "Made In USA" (or some

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

derivative thereof) when they actually contain foreign-made or manufactured ingredients.

49. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

50. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made In USA" representations set forth on Defendant's actual products.

51. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE**

**BUS. & PROF. CODE, SECTION 17533.7**

53. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Business & Professions Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in U.S.A.," "Made in America, " U.S.A.," or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

55. Defendant violated Bus. & Prof. Code § 17533.7 by selling and offering to sell products in the State of California with the "Made In USA" country of origin designation (or some derivative thereof) as fully set forth herein. The products at issue in this matter are wholly and/or substantially manufactured outside of the United States and/or contain ingredients that are manufactured outside of the United States in violation of California law.

56. On information and belief, Defendant's violations of Bus. & Prof. Code § 17533.7 as set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

57. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made In USA" representations set forth on the Defendant's products.

58. As a direct and proximate result of Defendant's violations of Bus. & Prof. Code § 17533.7, Plaintiff and the Class are entitled to restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the false "Made In USA" representations (or some derivative thereof) set forth on the Defendant's products.

59. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

///
///
///
///

### THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

60. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

62. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

63. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200 et seq.

### A. "Unlawful" Prong

64. Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 et seq. by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

that the products referenced herein are "Made In USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

### B. "Unfair" Prong

65. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging in conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made In USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

66. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made In USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

67. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

engaging in practices, including manufacturing, distributing, marketing, and/or advertising Defendant's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made In USA;" wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

### C. "Fraudulent" Prong

68. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq, by manufacturing, distributing, and/or marketing Defendant's products with a false country of origin designation, in violation of Section 17533.7 by falsely representing that the products referenced herein are "Made In USA" when Defendant's products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

69. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

### D. *"Unfair, Deceptive, Untrue or Misleading Advertising" Prong*

70. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products are "Made In USA" and that therefore they are of superior quality and workmanship, and that

they were produced according to U.S. standards and laws when in fact they are not entirely "Made In USA."

71. Plaintiff, a reasonable consumer, and the public would be likely to be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the products were actually entirely manufactured by Defendant in the USA.

72. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

73. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

74. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 et seq.  Plaintiff reserves the right to identify additional violations by Defendant as may be establihed through discovery.

75. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

76. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent "Made In USA" representations when Defendant's

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

products are in fact foreign-made and/or composed of component parts manufactured and/or grown outside of the United States.

77. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false "Made In USA" representations set forth on the Defendant's products.

78. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;

- That the Court certify Plaintiff to serve as the Class representative in this matter;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;

- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## TRIAL BY JURY

79. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.

Dated: September 8, 2015                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**

                                            By:___/s/ ABBAS KAZEROUNIAN_____
                                                ABBAS KAZEROUNIAN, ESQ.
                                                ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626